a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAVONPE' D WINBUSH #777624,<br>Plaintiff | CIVIL DOCKET NO. 5:24-CV-00686<br>SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JUDY LOFTON,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Javonpe' D. Winbush ("Winbush"). Winbush is incarcerated at the David Wade Correctional Center in Homer, Louisiana. Winbush challenges his conviction and sentence in the First Judicial District Court, Caddo Parish, Louisiana.

Because Winbush cannot challenge the validity of his conviction and sentence under § 2241, his Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I. Background

Winbush alleges that he is serving a sentence imposed on March 20, 2023, for an unspecified conviction. ECF No. 1 at 1. He did not appeal his conviction or sentence.

1

II. <u>Law and Analysis</u>

Rule 4 of the Rules Governing § 2254 Cases provides that "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases). This rule applies equally to cases brought under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

Habeas petitions filed pursuant to § 2241 are generally used to challenge the manner in which a sentence is executed, *see Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000), or to raise infirmities in pre-trial proceedings, such as violations of the state speedy trial act, double jeopardy, or improper bond conditions, *see Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1998). Petitioners challenging the legality of an underlying state conviction or sentence must file a § 2254 petition. *See id.*; *Stewart v. Cain*, 71 F.3d 879 (5th Cir. 1995).

Winbush's claims that the trial court lacked jurisdiction to convict him and that his resulting detention is unlawful, necessarily challenge the validity of his conviction. Therefore, Winbush must seek relief under § 2254. *See Propes v. District Attorney Office*, 445 F. App'x 766, 767 (5th Cir. 2011); *Dooley v. Goodwin*, 5:16-CV-1319, 2016 WL 9528070, at *2 (W.D. La. 2016); *Williams v. Cain*, No. 14-CV-1517, 2015 WL 4647947, at *2 (E.D. La. 2015); *Smith v. Stephens*, No. 4:13–CV–544, 2013

WL 3456675 (N.D. Tex. 2013); *Sims v. Cooper*, 12-CV-409, 2012 WL 5463909, at *2 (E.D. La. Oct. 11, 2012).

The Court may construe the § 2241 Petition as a § 2254 Petition. *Wallace v. Louisiana State*, 23-30687, 2023 WL 8826949, at *1 (5th Cir. 2023) (citing *Hartfield v. Osborne*, 808 F.3d 1066, 1071-73 (5th Cir. 2015). However, relief under § 2254 is not available until the petitioner has exhausted all available state remedies. *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Also, once a § 2254 petition is filed, the petitioner becomes subject to the restrictions regarding second and successive petitions. 28 U.S.C. § 2244.

Winbush did not present his claims to the appropriate court of appeal or the Louisiana Supreme Court. He may file a § 2554 Petition after all potential claims have been fully exhausted.

### III. Conclusion

Because Winbush cannot proceed under § 2241, and he has not alleged complete exhaustion, the Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, June 13, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE